# EXHIBIT 1

FILED
8/6/2019 11:04 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L008668

6058611

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Farmers Insurance Exchange a/s/o Alisa M

(Name all parties)                    Case No.    2019L008668

v.

One Sample, LLC d/b/a Magic InMotion an

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

Summons - Alias Summons                           (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61579

Atty Name: Emilie G. Kaplan

Atty. for: Plaintiff

Address: 161 N. Clark St., Ste. 3575

City: Chicago

State: IL    Zip: 60601

Telephone: (312) 782-9320

Primary Email: Kaplan@tbkllp.com

Witness: _____ 8/6/2019 11:04 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 8/6/2019 11:04 AM  2019L008668

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED
8/6/2019 11:04 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L008668

6058611

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DPEARTMENT, LAW DIVISION**

FARMERS INSURANCE EXCHANGE as )
subrogee of ALISA MARTIN, )
                                     )
     Plaintiff, )
                                      )
     v. )     Case No.   2019L008668
                                        )
ONE SAMPLE, LLC d/b/a MAGIC )
INMOTION and FRY'S ELECTRONICS, )
INC., )
                                      )
     Defendants. )

<u>**COMPLAINT**</u>

NOW COMES the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, by and through its attorneys, THOMPSON BRODY & KAPLAN, LLP, and for its Complaint against the Defendants, ONE SAMPLE, LLC doing business as MAGIC INMOTION and FRY'S ELECTRONICS, INC., hereby states as follows:

<u>**COMMON ALLEGATIONS**</u>

1.     At all times relevant, the subrogee/insured, ALISA MARTIN (hereinafter referred to as "Ms. Martin"), was an individual who owned and resided at the property commonly known as 639 S. 21st Avenue in Maywood, Cook County, Illinois (hereinafter referred to as the "Martin residence").

2.     At all times relevant, the Plaintiff, FARMERS INSURANCE EXCHANGE (hereinafter referred to as "Farmers"), was an insurance company licensed to do business in the State of Illinois and licensed to issue property insurance policies to homeowners in Illinois, such as Ms. Martin.

FILED DATE: 8/6/2019 11:04 AM   2019L008668

3.     At all times relevant, Ms. Martin purchased and maintained a homeowner's insurance policy (Policy No. 0969890824) with Farmers, which provided coverage for the Martin residence, Ms. Martin's personal property and her additional living expenses in the event of a covered loss, and this policy was in full force and effect on January 23, 2018, the date of this loss.

4.     At all times relevant, the Defendant, ONE SAMPLE, LLC d/b/a MAGIC INMOTION (hereinafter referred to as "One Sample"), was a corporation in the business of designing, manufacturing and distributing hoverboards, with its headquarters located at 17785 Sky Park Circle, Suite C in Irvine, California.

5.     At all times relevant, the Defendant, FRY'S ELECTRONIC, INC. (hereinafter referred to as "Fry's"), was a corporation in the business of selling and distributing goods, including hoverboards, with its headquarters located at 600 E. Brokaw Road in San Jose, California.

6.     At all times relevant, the Defendant, One Sample, did business within and/or distributed and sold its products within the state of Illinois.

7.     At all times relevant, the Defendant, Fry's, did business within and/or distributed and sold its products within the state of Illinois.

8.     At all times relevant, the Defendant, One Sample, placed its products into the stream of commerce within the state of Illinois.

9.     At all times relevant, the Defendant, Fry's, distributed and sold its products, thereby also placing its products into the stream of commerce within the state of Illinois.

FILED DATE: 8/6/2019 11:04 AM 2019L008668

10.     On July 13, 2017, Ms. Martin purchased a Prime Hoverboard R5 Red (hereinafter referred to as "the subject hoverboard") designed, manufactured and distributed by the Defendant, One Sample, and sold by the Defendant, Fry's, from the Fry's store in Downers Grove, DuPage County, Illinois.

11.     After purchasing the subject hoverboard, Ms. Martin placed it within the Martin residence.

12.     At the time the product was placed into the stream of commerce by the Defendants, it was defective and inherently dangerous.

13.     On January 24, 2018, a fire occurred at the Martin residence and caused damage to the home and the personal property located therein.

14.     The fire originated at and within the subject hoverboard designed, manufactured and distributed by the Defendants and purchased by Ms. Martin.

15.     At the time of the fire, the subject hoverboard remained in the same condition as it was when purchased and it was not altered or changed in any way by Ms. Martin.

16.     The fire was caused by a malfunction of and a failure of and a defect within the subject hoverboard.

17.     As a result of the fire, Ms. Martin submitted a claim (Claim No. 3010185932-1) to her insurer, the Plaintiff, Farmers, and requested payment for her damages incurred as a result of the subject fire.

18.     Pursuant to its policy of insurance, the Plaintiff, Farmers, thereby became obligated to pay and did pay Ms. Martin for her damages incurred as a result of the fire in the amount of $403,837.11 (including the insured's $1,000.00 deductible).

3

FILED DATE: 8/6/2019 11:04 AM  2019L008668

19.     By virtue of the Assignment of Insurance Claim executed by Ms. Martin (attached as Exhibit "A"), Farmers is subrogated to the rights of its insured, Ms. Martin, to the extent of the damages paid on the claim.

## COUNT I
### Product Liability-Negligence
### (ONE SAMPLE, LLC)

1-19. Plaintiff hereby restates and realleges Paragraphs 1-19 of the Common Allegations above as Paragraphs 1-19 of Count I, as though fully set forth herein.

20.     The subject hoverboard purchased by Ms. Martin and placed within the Martin residence was designed, manufactured and distributed by the Defendant, One Sample, in the ordinary course of business.

21.     At the time the subject hoverboard was placed into the stream of commerce by the Defendant, One Sample, the product was unreasonably dangerous and defective for the reasonably anticipated use as expected by the consumer.

22.     At all times relevant, the subject hoverboard was used in a reasonably anticipated manner by Ms. Martin.

23.     As a direct and proximate result of the unreasonably dangerous and defective product, and its failure, the Martin residence and the personal property located therein were damaged by fire.

24.     As a direct and proximate result of the unreasonably dangerous and defective product, the Plaintiff has been harmed and has incurred the damages claimed herein.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, ONE SAMPLE, LLC doing business as MAGIC INMOTION, in the

FILED DATE: 8/6/2019 11:04 AM   2019L008668

amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

## COUNT II
### Failure to Warn
### (ONE SAMPLE, LLC)

1-24. The Plaintiff hereby restates and realleges Paragraphs 1-24 of Count I above as paragraphs 1-24 of Count II, as though fully set forth herein.

25.     The subject hoverboard was manufactured and intended for personal use, as was being done by Ms. Martin at the time of the fire.

26.     At all times relevant, the Defendant, One Sample, did not provide warnings (nor adequate warnings) of the imminent dangers presented by the hoverboard or any warnings as to its defective condition or its danger of fire or any warnings for the prevention of the fire under these circumstances.

27.     At all times relevant, the subject hoverboard was used in a reasonably anticipated manner by Ms. Martin, given the lack of warnings by the Defendant, One Sample.

28.     As a direct and proximate result of the subject hoverboard being distributed and sold without proper and/or adequate warnings, the Martin residence and the personal property located therein were damaged by fire.

29.     As a direct and proximate result of the subject hoverboard being distributed and sold without proper and/or adequate warnings, the Plaintiff has been harmed and has incurred the damages claimed herein.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and

FILED DATE: 8/6/2019 11:04 AM   2019L008668

against the Defendant, ONE SAMPLE, LLC doing business as MAGIC INMOTION, in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

### COUNT III
### Strict Products Liability
### (ONE SAMPLE, LLC)

1-29.   Plaintiff hereby restates and realleges Paragraphs 1-29 of the Count II above as Paragraphs 1-29 of Count III, as though fully set forth herein.

30.     The subject hoverboard was designed, manufactured, produced and distributed by the Defendant, One Sample, in its ordinary course of business.

31.     The subject hoverboard was an unreasonably dangerous product and inherently dangerous when it was placed into the stream of commerce.

32.     The Defendant, One Sample, knew or should have known that the subject hoverboard was inherently dangerous and an unreasonably dangerous product when used for its normal intended use.

33.     The Defendant, One Sample, should have provided adequate warnings of the dangerous and hazardous condition created within its product.

34.     As a result of the unreasonably dangerous and defective product, the Martin residence and the personal property located therein were damaged by fire.

35.     As a result of the unreasonably dangerous and defective product, the Plaintiff has been harmed and has incurred the damages claimed herein.

36.     Therefore, the Defendant, One Sample, should be held strictly liable for the damages incurred herein.

FILED DATE: 8/6/2019 11:04 AM   2019L008668

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, ONE SAMPLE, LLC doing business as MAGIC INMOTION, in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

**COUNT IV**
**Res Ipsa Loquitur**
**(ONE SAMPLE, LLC)**

1-36.   Plaintiff hereby restates and realleges Paragraphs 1-36 of the Count III above as Paragraphs 1-36 of Count IV, as though fully set forth herein.

37.   Hoverboards do not normally cause fire in the absence of a malfunction of and failure of and defect within the product.

38.   The subject fire would not have occurred in the absence of a malfunction of and failure of and defect within the subject hoverboard.

39.   Therefore, it is appropriate that the burden of proof shift to One Sample and that the Plaintiff recovers on this case under the doctrine of Res Ipsa Loquitur, and that One Sample be found liable for the damages incurred.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, ONE SAMPLE, LLC doing business as MAGIC INMOTION, in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

7

FILED DATE: 8/6/2019 11:04 AM 2019L008668

## COUNT V
### Product Liability-Negligence
### (FRY'S ELECTRONICS, INC.)

1-39. Plaintiff hereby restates and realleges Paragraphs 1-39 of the Count IV above as Paragraphs 1-39 of Count V, as though fully set forth herein.

40.     The subject hoverboard purchased by Ms. Martin and placed within the Martin residence was distributed and sold by the Defendant, Fry's, in the ordinary course of business.

41.     At the time the subject hoverboard was placed into the stream of commerce by the Defendant, Fry's, the product was unreasonably dangerous and defective for the reasonably anticipated use as expected by the consumer.

42.     At all times relevant, the subject hoverboard was used in a reasonably anticipated manner by Ms. Martin.

43.     As a direct and proximate result of the unreasonably dangerous and defective product, and its failure, the Martin residence and the personal property located therein were damaged by fire.

44.     As a direct and proximate result of the unreasonably dangerous and defective product, the Plaintiff has been harmed and has incurred the damages claimed herein.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, FRY'S ELECTRONICS, INC., in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

FILED DATE: 8/6/2019 11:04 AM   2019L008668

## COUNT VI
### Failure to Warn
### (FRY'S ELECTRONICS, INC.)

1-44. The Plaintiff hereby restates and realleges Paragraphs 1-44 of Count V above as paragraphs 1-44 of Count VI, as though fully set forth herein.

45.     The subject hoverboard was distributed, sold, and intended for personal use, as was being done by Ms. Martin at the time of the fire.

46.     At all times relevant, the Defendant, Fry's, did not provide warnings (nor adequate warnings) of the imminent dangers presented by the hoverboard or any warnings as to its defective condition or its danger of fire or any warnings for the prevention of the fire under these circumstances.

47.     At all times relevant, the subject hoverboard was used in a reasonably anticipated manner by Ms. Martin, given the lack of warnings by the Defendant, Fry's.

48.     As a direct and proximate result of the subject hoverboard being distributed and sold without proper and/or adequate warnings, the Martin residence and the personal property located therein were damaged by fire.

49.     As a direct and proximate result of the subject hoverboard being distributed and sold without proper and/or adequate warnings, the Plaintiff has been harmed and has incurred the damages claimed herein.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, FRY'S ELECTRONICS, INC., in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

FILED DATE: 8/6/2019 11:04 AM  2019L008668

## COUNT VII
### Strict Products Liability
### (FRY'S ELECTRONICS, INC.)

1-49. Plaintiff hereby restates and realleges Paragraphs 1-49 of the Count VI above as Paragraphs 1-49 of Count VII, as though fully set forth herein.

50.     The subject hoverboard was distributed and sold by the Defendant, Fry's, in its ordinary course of business.

51.     The subject hoverboard was an unreasonably dangerous product and inherently dangerous when it was placed into the stream of commerce.

52.     The Defendant, Fry's, knew or should have known that the subject hoverboard was inherently dangerous and an unreasonably dangerous product when used for its normal intended use.

53.     The Defendant, Fry's, should have provided adequate warnings of the dangerous and hazardous condition created within its product.

54.     As a result of the unreasonably dangerous and defective product, the Martin residence and the personal property located therein were damaged by fire.

55.     As a result of the unreasonably dangerous and defective product, the Plaintiff has been harmed and has incurred the damages claimed herein.

56.     Therefore, the Defendant, Fry's, should be held strictly liable for the damages incurred herein.

FILED DATE: 8/6/2019 11:04 AM 2019L008668

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, FRY'S ELECTRONICS, INC., in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

## COUNT VIII
### Res Ipsa Loquitur
### (FRY'S ELECTRONICS, INC.)

1-56. Plaintiff hereby restates and realleges Paragraphs 1-56 of the Count III above as Paragraphs 1-56 of Count IV, as though fully set forth herein.

57. Hoverboards do not normally cause fire in the absence of a malfunction of and failure of and defect within the product.

58. The subject fire would not have occurred in the absence of a malfunction of and failure of and defect within the subject hoverboard.

59. Therefore, it is appropriate that the burden of proof shift to Fry's and that the Plaintiff recovers on this case under the doctrine of Res Ipsa Loquitur, and that Fry's be found liable for the damages incurred.

WHEREFORE, the Plaintiff, FARMERS INSURANCE EXCHANGE as subrogee of ALISA MARTIN, respectfully requests that this Honorable Court enter Judgment in its favor and against the Defendant, FRY'S ELECTRONICS, INC., in the amount of $403,837.11 (including the insured's $1,000.00 deductible), and for any and all other relief this Court deems just and appropriate.

11

FILED DATE: 8/6/2019 11:04 AM   2019L008668

Respectfully submitted,


/s/Emilie G. Kaplan
One of Plaintiff's Attorneys

Emilie G. Kaplan, Esq.
Thompson Brody & Kaplan, LLP
161 North Clark Street, Suite 3575
Chicago, Illinois 60601
Phone No. (312) 782-9320
Fax No. (312) 782-3787
E-Mail: kaplan@tbkllp.com
Firm No. 61579

FILED DATE: 8/6/2019 11:04 AM  2019L008668

# EXHIBIT "A"

FILED DATE: 8/6/2019 11:04 AM 2019L008668

## ASSIGNMENT OF INSURANCE CLAIM

BE IT KNOWN, for value received, the undersigned, Alisa Martin, hereby transfers and assigns to Farmers Insurance Exchange, all legal and beneficial right, title and interest in and to the policy of insurance standing in her name under Policy No. 969890824 and for Claim No. 3010185932-1-2, to the extent and only to the extent of the payments made by Farmers Insurance Exchange for the property damage incurred at 639 S. 21st Avenue in Maywood, Illinois as a result of the fire that occurred on or about January 20, 2018, and further transfers and assigns all claims and causes of action against One Sample, LLC doing business as Magic InMotion and Fry's Electronics, Inc., and any other companies, individuals or entities which may be liable for the subject loss and damage which resulted from the subject fire that occurred on or about January 20, 2018.

Alisa Martin, assigns all cash values, proceeds, and benefits thereto under the claim, subject to the conditions of said policy and the requirement of the issuing underwriter.

The undersigned warrants that she has full authority to assign said claim, and the subrogation rights thereunder, and shall execute any further documents as may be required to effectuate this Assignment.

The Assignment shall be binding upon and inure to the benefit of the party, her successors, assigns and personal representatives.

The Assignment is a transfer of only those rights to the extent of the claim as paid.

Ms. Alisa Martin

Subscribed and sworn to before me
this 1ST day of AUGUST, 2019.

NOTARY PUBLIC

OFFICIAL SEAL
LINDA DUPREE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/06/21



### Case Information Summary for Case Number
### 2019-L-008668

Filing Date: 08/06/2019

Division: Law Division
Ad Damnum: $40383711.00

Case Type: PROPERTY DAMAGE

District: First Municipal

Calendar: B

### Party Information

**Plaintiff(s)**
FARMERS INSURANCE EXCHANG

**Attorney(s)**
THOMPSON BRODY & KAPLAN L
161 N CLARK #3575
CHICAGO IL, 60601
(312) 782-9320

**Defendant(s)**
FRY'S ELECTRONICS, INC.

**Defendant Date of Service**

**Attorney(s)**
BRYCE DOWNEY & LENKOV LLC
200 N LASALLE 2700
CHICAGO IL, 60601
(312) 377-1501

ONE SAMPLE, LLC D/B/A MAG

### Case Activity

Activity Date: 08/06/2019

Participant: FARMERS INSURANCE EXCHANG

PROPERTY DAMAGE COMPLAINT FILED (JURY DEMAND)

Court Fee: 600.50

Ad Damnum Amount: 383711.00

Attorney: THOMPSON BRODY & KAPLAN L

Activity Date: 08/06/2019

Participant: FARMERS INSURANCE EXCHANG

SUMMONS ISSUED AND RETURNABLE

Ad Damnum Amount: 383711.00

Attorney: THOMPSON BRODY & KAPLAN L

Activity Date: 08/06/2019

Participant: FARMERS INSURANCE EXCHANG

SUMMONS ISSUED AND RETURNABLE

Ad Damnum Amount: 383711.00

Attorney: THOMPSON BRODY &
KAPLAN L

Activity Date: 08/09/2019

Participant: FARMERS INSURANCE

ELECTRONIC NOTICE SENT

Attorney: THOMPSON BRODY &
KAPLAN L

Microfilm: LD000000000

Activity Date: 08/09/2019

Participant: FARMERS INSURANCE EXCHANG

CASE MANAGEMENT DATE GENERATED

Date: 10/03/2019

Court Time: 0930

Activity Date: 08/14/2019

Participant: FRYS ELECTRONICS

SUMMONS RETURNED - N.S. REASON: OTHER REASON

Date: 08/13/2019

Microfilm: LD000000000

Activity Date: 08/23/2019

Participant: FRY'S ELECTRONICS, INC.

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 463.50

Attorney: BRYCE DOWNEY &
LENKOV LLC

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.