IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


FARMERS INSURANCE EXCHANGE, as )
subrogee Alisa Martin            )
                                 )
         Plaintiff,              )
                                 )
                                 )
    v.                           ) No. 19 C 6560
                                 )
                                 )
ONE SAMPLE, LLC., d/b/a Magic    )
Inmotion and FRY'S ELECTRONICS,  )
INC.,                            )
                                 )
         Defendants.             )


## Memorandum Opinion and Order

Plaintiff Farmers Insurance Exchange filed this action in the Circuit Court of Cook County to recover monies it paid to its insured for property damage caused by a defective product manufactured and sold by defendants. Defendant One Sample removed the case to this court under 28 U.S.C. § 1332(c). Because the record does not support the existence of diversity jurisdiction, the complaint is dismissed without prejudice and the case remanded to the state court.

At the outset, One Sample's notice of removal is facially defective because it fails properly to allege the citizenship of the parties. In particular, the notice states that Farmers "is an insurance company licensed to do business in the State of Illinois

and licensed to issue property insurance policies to homeowners in Illinois." Notice of Removal at ¶ 3. Presumably, One Sample intends this statement to allege that Farmers is a citizen of Illinois. But Farmers' state of licensure is not what matters to the citizenship inquiry. Because Farmers is an entity rather than a natural person, its citizenship depends on either its state of incorporation and principal place of business (if it is a corporation), *see Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("what matters for the citizenship of a corporation is its state of incorporation and its principal place of business"), or the citizenship of its members (if it is an unincorporated association), *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (to allege the citizenship of an unincorporated association, the "jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Yet One Sample's notice of removal fails even to allege the kind of entity it claims Farmers to be, much less does it provide the information necessary to allege Farmers' citizenship for diversity purposes.

Farmers fills the gap in its remand motion with evidence that it is "an inter-insurance exchange, organized and existing under the California Insurance Code, with its principal place of business in Woodland Hills, California." Mot., Exh. A at ¶ 4. One Sample

does not dispute these facts. As numerous courts have held, "California inter-insurance exchanges [] are intended to be treated as unincorporated associations." *Rockford Mut. Ins. Co. v. Truck Ins. Exch.*, No. 12 C 7549, 2013 WL 1154462, at *3 (N.D. Ill. Mar. 19, 2013); *McKenzie v. Farmers Ins. Exch.*, No. CV 17-4011, 2018 WL 801597, at *3 (D.S.D. Feb. 8, 2018) (analyzing the California Insurance Code to conclude that inter-insurance exchange was an unincorporated association and "a citizen of each state in which [its] members are citizens.") (citing cases). Because One Step alleges affirmatively that both defendants are citizens of California, *see* Notice of Removal at ¶¶ 5-6,[1] and does not dispute that Farmers' policyholders include citizens of California, *see* Mot., Exh. A at ¶ 8, the only question is whether Farmers' policyholders are "members" for purposes of the jurisdictional analysis. On this record, I conclude that the answer is "yes." diversity required for subject-matter jurisdiction is absent.

*Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667 (N.D. Ill. 2000), does not compel a contrary conclusion. It is true that in

---

[1] One Sample's change of heart about its own identity does not alter the analysis. In response to Farmers' remand motion, One Sample states that it is "a Wyoming corporation, but has its principal place of business in California." Resp. at 6. Because One Sample's principal place of business is in California, it is a citizen of that state regardless of where it is incorporated. *See Dalton* 891 F.3d at 690.

3

that case, I concluded that Farmers' policyholders were not members for citizenship purposes. *Id*. at 669. Although Farmers claimed to be a citizen of Illinois, it offered no evidence of the citizenship of its policyholders, *id*. at 669, nor did it claim to be organized under the laws of any state. These factors made it impossible to perform the type of analysis that led the *Rockford* and *McKenzie* courts to conclude that the policyholders of a California inter-insurance exchange (as Farmers undisputedly is here) are appropriately considered its "members" for citizenship purposes. *See Rockford*, 2013 WL 1154462, at *3; *McKenzie*, 2018 WL 801597, at *2-*3. In this case, by contrast, Farmers offers uncontroverted evidence that its policyholders include California citizens, who are appropriately considered its "members" under the laws of state in which it is organized.

For the foregoing reasons, Farmers' motion for remand is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 10, 2020

4